LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
5032 Woodminster Lane
Oakland, CA  94602
(510)530-4078
(510)530-4725/FAX
panos@panoslagoslaw.com

Attorney for Plaintiffs,
JOSE GALINDO and SANDRA HERNANDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALINDO,<br>SANDRA HERNANDEZ,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF SAN MATEO, a municipal corporation, San Mateo Police Department Officers FAYSAL ABI-CHAHINE, individually, and DERRICK JARVIS, also known as DERRIK JARVIS, individually, and DOES 1 to 100, jointly and severally,<br><br>　　　　　Defendants. | Case No. 3:16-cv-03651<br><br>COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL<br><br>1. 42 U.S.C. §§ 1981, 1983, 1985, 1988 – Civil Rights Violations<br>2. 42 U.S.C. §§ 1981, 1983, 1985, 1988 – Unlawful Customs, Policies, Habits, or Procedures<br>3. California Civil Code § 52.1(b)<br>4. Assault and Battery<br>5. False Arrest<br>6. False Imprisonment<br>7. Negligence<br>8. Intentional Infliction of Emotional Distress<br>9. Invasion of Privacy<br>10. Conspiracy<br>11. Sexual Battery |

　　　　Plaintiffs, Jose Galindo ("Galindo") and Sandra Hernandez ("Hernandez") by and through their attorney, the LAW OFFICES OF PANOS LAGOS, for their Complaint against Defendants, states the following:

**INTRODUCTION**

　　　　This case arises out of an incident in which Plaintiffs were stopped for a non-functioning rear taillight and without probable cause or reasonable suspicion of the commission of any crime, were handcuffed, arrested, and, in the case of Hernandez, was sexually groped by

one of the defendant officers. After twenty minutes of the aforementioned conduct including watching their vehicle be unlawfully searched, Plaintiffs were released with no criminal charges, traffic citation, and no reporting of the subject incident.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343 because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1985 and 1988. This action is brought pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws and Constitution of the State of California.

2. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

4. Plaintiffs are citizens of the United States, competent adults, and residents of this judicial district.

5. At all times mentioned herein, Defendants San Mateo Police Department Officers FAYSAL ABI-CHAHINE ("Abi-Chahine"), individually, and DERRICK JARVIS, also known as DERRIK JARVIS ("Jarvis"), and Does 1 to 100, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant CITY OF SAN MATEO Police Department ("SMPD") and acted under color of state law. The Defendants named above and Does 1 to 100 are sued in their individual capacities.

6. Defendant CITY OF SAN MATEO ("City") is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

7. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as Does 1 to 100 are unknown to Plaintiffs, who, therefore, sue said Defendants by said fictitious names. Plaintiffs will amend this Complaint to

show said Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed, believe, and thereon allege that all Defendants sued herein as Does are in some manner responsible for the acts, omissions, and injuries alleged herein.

8. Plaintiffs allege, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was, at all material times, responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE Defendants.

9. Plaintiffs are informed, believe, and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other actionable harm.

10. The acts and omissions of all SMPD Defendants,[1] as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the SMPD or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of polices, practices, and procedures that should have been in place.

11. At all material times, each SMPD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

12. A proper and timely tort claim was presented to City on behalf of Plaintiffs pursuant to Government Code section 910 et seq., and rejected on April 29, 2016; this action was thereafter timely filed within all applicable statutes of limitation.

---

[1] Wherever "SMPD Defendants" are referenced, both named and DOE Defendants are included.

13. This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

14. Plaintiffs re-allege each and every previous paragraph in this complaint, as though fully set forth herein.

15. On or about August 26, 2015, Plaintiffs, both of Hispanic origin, with Galindo driving his vehicle and Hernandez his passenger, were stopped by Officers Abi-Chahine and Jarvis. The claimed reason for the stop was a violation of California Vehicle Code § 24252 based upon a non-operational rear brake light located inside Plaintiffs' vehicle rear window – a minor traffic offense.

Galindo, timely, promptly and completely produced his vehicle registration and driver's license when asked to do so by Jarvis.

Hernandez produced her Costco membership card while verbally providing Abi-Chahine with her date of birth when asked by him for her driver's license.

Abi-Chahine ordered Hernandez out of the subject vehicle informing her that he was going to perform a drug test upon her while insisting that she was under the influence of drugs. Consistent with Abi-Chahine's statement of intent, he aimed a flashlight in Hernandez's eyes, asked her to stick out her tongue, count to forty and took her pulse. During this "testing", Hernandez was standing next to the subject vehicle belonging to Plaintiff Galindo.

Following this "testing" by Abi-Chahine, Hernandez was ordered to go to Defendants' patrol vehicle parked behind Plaintiffs' vehicle. Hernandez obeyed Abi-Chahine's order to go to the patrol vehicle and, as ordered, turned around. Abi-Chahine stated that he was going to search Hernandez from behind and, under the claimed need to search, Abi-Chahine proceeded to place both of his hands **in** Hernandez's pants pockets and **twice** groped her in her genital area to which Hernandez understandably, immediately, vigorously, loudly and repeatedly protested. There was no reasonable suspicion that Hernandez was armed, had committed a crime or was presently dangerous to either defendant officer or to anyone else. She was a passenger in a vehicle stopped for a minor traffic infraction.

COMPLAINT FOR DAMAGES
*Galindo, Hernandez v. City of SAN MATEO, et al.*
USDC (N.D. Cal.) Case No.: 3:16-cv-03651                                                                                          4

Not only was Abi-Chahine's search of Hernandez not supported by either individualized or reasonable suspicion as required by long-established law, it was clearly pretextual by Abi-Chahine who sought to gratify his perverted, depraved, illicit, sexual desire and/or to humiliate and intimidate Hernandez.

While Hernandez was being subjected to the illegal/unlawful and perverted conduct of Abi-Chahine, Galindo was ordered, by Jarvis, out of the subject vehicle, placed in handcuffs and ordered seated with Hernandez on the public sidewalk. While so seated, Defendants searched Galindo's vehicle, not having asked and not otherwise given any consent of/by Galindo and having no probable cause or reasonable suspicion to do so and while far exceeding the period of time reasonably necessary to complete the infraction-ticket-writing process for which the stop was ostensibly made. Galindo's vehicle and Hernandez's person was "searched" by Defendants lacking reasonable suspicion and/or probable cause to support Plaintiffs' detention and/or arrest and said searches were not independently supported by individualized or reasonable suspicion as required by law.

Following the aforementioned conduct, Plaintiffs were permitted to drive away and no citation for the claimed traffic violation was issued nor was a report of the subject incident prepared by Defendants.

During the course of this twenty minute illegal seizure of Plaintiffs and the illegal searches of person and property, Hernandez was alternately and publically accused by Abi-Chahine of having been arrested, being on drugs, and of stealing.

16. At no time, did either Plaintiff physically resist, insult, threaten, touch, batter, or assault any Defendant officer or fail to promptly obey any order prior to being removed from the subject vehicle (or afterwards), restrained in their freedom, including the handcuffing by Galindo, during the unlawful searches of both vehicle and person and the noted perverted conduct by Abi-Chahine.

17. At all material times and, alternatively, the actions and omissions of each Defendant were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiffs' rights, and/or negligent.

18. As a legal cause of each Defendant's acts and/or omissions as set forth above, Plaintiffs suffered and sustained the following injuries and damages, past and future, including, but not limited to:

    a. Severe emotional distress, humiliation, indignity, embarrassment, anger, frustration, annoyance, anxiety, and sleeplessness;

    b. Loss of enjoyment of life;

    c. All other legally cognizable special and general damages;

    d. Violations of state and federal constitutional rights;

    e. All damages and penalties recoverable under 42 U.S.C. §§ 1981, 1983, 1985 and 1988;

    f. Medical expenses for Plaintiff Hernandez;

    g. All damages and penalties recoverable under California Civil Code §§ 43, 52(a), (b), 52.1, 52.4, Article I §13, of the California Constitution, and as otherwise allowed under California and United States statutes, codes, and common law.

## **CLAIMS FOR RELIEF**

**FIRST CLAIM**
**-- 42 U.S.C. § 1981, 1983, 1985, 1988 --**
**AGAINST DEFENDANTS ABI-CHAHINE, JARVIS, AND DOES 1 TO 100**

19. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

20. By the actions and omissions described above, Defendants and Does 1 to 100 violated 42 U.S.C. § 1981, 1983, 1985, 1988, depriving Plaintiffs of the following well-settled constitutional rights that are protected by the First, Fourth and Fourteenth Amendments to the U.S. Constitution:

    a. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

///

COMPLAINT FOR DAMAGES
*Galindo, Hernandez v. City of SAN MATEO, et al.*
USDC (N.D. Cal.) Case No.: 3:16-cv-03651     6

    c. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

    d. The right to the equal application of the law; and

    e. The right to ones liberty in bodily integrity (see *Winston v. Lee*, 470 U.S. 753 (1985); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)) for Hernandez as secured by the substantive protection under the Due Process clause.

21. The detention of Plaintiffs, the handcuffing of Galindo, the sexual groping of Hernandez, and the unreasonable and inappropriate force used on Hernandez was done in violation of Plaintiffs' constitutional rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution, for which Defendants are liable either directly or via their failure to intervene. Upon information and belief, Plaintiffs allege that Abi-Chahine and Jarvis discriminated against Plaintiffs based upon their Hispanic heritage. As a result, Plaintiffs are entitled to damages, pursuant to 42 U.S.C. § 1981, 1983, 1985, 1988, et seq. in an amount to be proven at trial.

22. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

23. In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**SECOND CLAIM**
**-- 42 U.S.C. § 1981, 1983, 1985, 1988 --**
**<u>AGAINST DEFENDANT CITY AND DOES 1 TO 100</u>**

24. Plaintiffs re-allege, and incorporate by reference, the allegations contained in

COMPLAINT FOR DAMAGES
*Galindo, Hernandez v. City of SAN MATEO, et al.*
USDC (N.D. Cal.) Case No.: 3:16-cv-03651    7

paragraphs 1 through 18 above, as though fully set forth herein.

25. Plaintiffs allege, upon information and belief, the unconstitutional actions and/or omissions of the individually named SMPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the SMPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for City and/or the SMPD:

   a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

   b. Failing to institute, maintain, or effectively administer an appropriate training regimen or implement a required protocol on subjects such as officer searches of citizens of the opposite sex; and/or

   c. Using or tolerating excessive and/or unjustified force and/or false arrests and/or illegal searches;

   d. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of excessive force or officer misconduct, including claims made under California Government Code section 910 et seq.; and/or

   e. Implementing, promoting, tolerating and/or instituting a policy or practice of (pretextually or otherwise) routinely conducting pat-down searches of citizens for traffic stops involving nothing more than minor traffic violations.

26. In the alternative, upon information and belief, Defendant City may have instituted policies or training addressing some or all the topics listed above, but has either through negligence or deliberate indifference to citizens' rights failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

27. The above-described customs, policies, practices, and/or procedures of the SMPD were a moving force and/or a proximate cause of the deprivations of Plaintiffs' constitutional rights, in violation of 42 U.S.C. § 1981, 1983, 1985, 1988, as more fully set forth above.

28. As a proximate result of the foregoing customs, polices, practices, and/or

procedures of the SMPD, or the lack or inadequacy thereof, Plaintiffs sustained injuries and damages as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial. Plaintiffs' only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiffs substantial and complete protection from Defendants' unlawful policies and practices. Plaintiffs, thus, seeks both legal damages and an equitable remedy in the form of injunctive relief against Defendant City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CLAIM
### -- VIOLATION OF CIVIL CODE § 52.1 (b) --
### AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

29. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

30. By the actions and omissions described above, the individually named Defendants and Does 1 to 100 violated and/or interfered with Plaintiffs' state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiffs to sue for damages under California Civil Code § 52.1, subdivision (b).

31. The violations included depriving Plaintiffs of the following well-settled constitutional rights that are secured by the U.S. Constitution, California Constitution, and California law:

  a. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments;

  b. The right (as to Hernandez) to one's liberty interest in bodily integrity secured as a substantive protection under the Due Process Clause and the right be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

  c. The right to be free from unreasonable searches and seizures, as secured by the California Constitution, Article I, section 13;

      d.    The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43; and

      e.    The right to the full and equal benefit of all laws pursuant to 42 U.S.C. § 1981 and the equal protection of the laws pursuant to the Fourteenth Amendment of the United States Constitution.

32. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

33. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiffs, and by reason thereof, Plaintiffs are entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

**FOURTH CLAIM**
**-- ASSAULT AND BATTERY --**
**AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100**

34. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

35. The acts of the individually-named Defendant Abi-Chahine and Does 1 to 100, described above, constitute assault and battery, entitling Plaintiffs to damages pursuant to California law.

36. The aiding and abetting and/or failure to intervene and/or failure to prevent these acts gives rise to liability on the part of the other individually named and/or DOE Defendants including Jarvis.

37. Defendant City is liable under California Government Code § 815.2 for the assaults and batteries, committed within the course and scope of the named Defendants' employment.

38. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries

COMPLAINT FOR DAMAGES
*Galindo, Hernandez v. City of SAN MATEO, et al.*
USDC (N.D. Cal.) Case No.: 3:16-cv-03651      10

and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## FIFTH CLAIM
## -- FALSE ARREST --
## AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

39. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

40. By the acts of the individually named Defendants and Does 1 to 100, alleged herein, Plaintiffs were falsely arrested, thereby entitling Plaintiffs to damages pursuant to California law.

41. The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of the other individually named and/or DOE Defendants.

42. Defendant City is liable under California Government Code § 815.2 for the false arrest, committed within the course and scope of the named Defendants' employment.

43. As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SIXTH CLAIM
## -- FALSE IMPRISONMENT --
## AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

44. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

45. By the acts of the individually named Defendants and Does 1 to 100 alleged herein, Plaintiffs were falsely imprisoned, thereby entitling Plaintiffs to damages pursuant to California law.

46. The aiding and abetting and/or failure to intervene and/or failure to prevent this

imprisonment gives rise to liability on the part of the other individually named and/or DOE Defendants.

47.   Defendant City is liable under California Government Code § 815.2 for the false imprisonment, committed within the course and scope of the named Defendants' employment.

48.   As a proximate result of the foregoing wrongful acts, Plaintiffs sustained injuries and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SEVENTH CLAIM
## -- NEGLIGENCE --
## AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

49.   Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

50.   At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiffs the duty to act with reasonable care.

51.   These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include, but are not limited to, the following specific obligations:

   a.   To refrain from using excessive and/or unreasonable force against Plaintiffs;
   b.   To conduct a reasonable investigation before effecting an arrest;
   c.   To use generally accepted police procedures and tactics that are reasonable and appropriate;
   d.   To refrain from abusing the authority granted to Defendants by law;
   e.   To refrain from violating Plaintiffs' rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

52.   By the acts and omissions set forth more fully in the paragraphs above,

Defendants acted negligently and breached their duty of due care owed to Plaintiffs, which foreseeably resulted in the suffering of damages by Plaintiffs.

53.     As a proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, as set forth above, in ¶ 18. Plaintiffs are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### EIGHTH CLAIM
### -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS --
### AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

54.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

55.     The conduct of Defendants Abi-Chahine, Jarvis, and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiffs.

56.     As a result of said defendants' conduct, as aforesaid, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### NINTH CLAIM
### -- INVASION OF PRIVACY --
### AGAINST DEFENDANTS CITY, ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

57.     Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

58.     Galindo's vehicle is a private and personal place and contained private and personal belongings. By the acts alleged above, Defendants intruded into a private place, conversation, or matter, in which Galindo had a reasonable expectation of privacy, in a manner highly offensive to a reasonable person, which amounted to an invasion of Plaintiff Galindo's privacy.

59.     Hernandez's person, and, in particular, her genital area, is a very private and personal place. By the acts alleged above, Defendant Abi-Chahine intruded into Hernandez's person in which she had a reasonable expectation of privacy, in a manner that would be highly

offensive to a reasonable person and which amounted to an invasion of her privacy.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## TENTH CLAIM
## -- CONSPIRACY --
## AGAINST DEFENDANTS ABI-CHAHINE, JARVIS, AND DOES 1 TO 100

60. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

61. On information and belief, Plaintiffs allege that Defendants Abi-Chahine and Jarvis were assigned the task, on the subject evening of this incident, to identify and/or apprehend drug users, drug sellers and other related illicit activity in the area in which Plaintiffs were stopped and which was known to the SMPD and these officers as a high crime area within the City of San Mateo.

62. When Abi-Chahine and Jarvis saw an inoperative rear window brake light and even though they had a right to stop the vehicle to write a citation for that infraction, they deliberately, intentionally, and without regard to Plaintiffs' civil rights in the manner earlier stated, extended the traffic stop far more, in time, than was reasonably necessary to cite and release Galindo and to unlawfully search person and vehicle. The (irrelevant) claim that Hernandez was exhibiting signs of being under the influence and the other previously-mentioned bogus criminal claims by Abi-Chahine towards Hernandez, a passenger, were deliberately fabricated and utilized by both officers to force Plaintiffs out of their vehicle, detain them for an unreasonable period of time, place Galindo in handcuffs and publically accuse Hernandez of both present and past criminal conduct, and while Abi-Chahine intentionally sexually violated Hernandez to satisfy his own prurient deviant interests in the manner alleged herein. With respect to the latter accusation regarding the gender violence committed upon Hernandez by Abi-Chahine, Hernandez is not alleging that Jarvis conspired or agreed to that conduct before it occurred.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## ELEVENTH CLAIM
## -- GENDER VIOLENCE – CA CIVIL CODE § 52.4 --
## AGAINST DEFENDANT ABI-CHAHINE

63. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1 through 18 above, as though fully set forth herein.

64. Abi-Chahine committed gender violence as that term is defined in California Civil Code § 52.4(c).

65. As a legal result of the foregoing wrongful acts, Hernandez suffered actual and compensatory damages including, but not limited to, substantial mental distress, and pain and suffering. Hernandez is further entitled to and seeks punitive damages against Abi-Chahine. No punitive damages are sought against City.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable;

3. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4. For attorney's fees and costs of suit under California Civil Code §§ 52(b)(3), 52.1(h), and 52.4(a);

5. For all other damages, penalties, costs, interest, and attorney fees as otherwise may be allowed by California and/or federal law;

6. For declaratory and injunctive relief against the CITY OF SAN MATEO, including, but not limited to the following:

    a. An order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and other citizens within its jurisdiction including the right(s) to be free from unreasonable and/or pretextual searches and seizures, excessive

and unreasonable force;

    b. Requiring Defendant City of San Mateo to institute and maintain a protocol prohibiting its officers from conducting searches of persons of the opposite sex; and

    c. Prohibiting officers from conducting citizen pat-down-searches in circumstances involving nothing more than non-arrestable minor traffic violations.

7. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## INTRADISTRICT ASSIGNMENT

This action arose in the County of San Mateo. Pursuant to Civil L.R. 3-2(c)(d), this action shall be assigned to the San Francisco Division or the Oakland Division.

Dated: June 29, 2016                                  LAW OFFICES OF PANOS LAGOS

                                                  */s/Panos Lagos*
                                                  Panos Lagos, Esq.
                                                  Attorney for Plaintiffs,
                                                  JOSE GALINDO,
                                                  SANDRA HERNANDEZ

COMPLAINT FOR DAMAGES
*Galindo, Hernandez v. City of SAN MATEO, et al.*
USDC (N.D. Cal.) Case No.: 3:16-cv-03651                                              16