UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALINDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN MATEO, et al.,<br><br>Defendants. | Case No. 16-cv-03651-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 11 |

## I.  INTRODUCTION

Plaintiffs Jose Galindo and Sandra Hernandez brought this action against Defendants City of San Mateo, San Mateo Police Department Officers Faysal Abi-Chahine and Derrick Jarvis, and Does 1 to 100. Before this Court is Defendants' motion to dismiss for failure to state a claim.

Having considered the parties' briefs and oral argument presented at the hearing on October 18, 2016, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. The Court **DISMISSES WITH PREJUDICE** the 42 U.S.C. § 1988 claims against all defendants, the 42 U.S.C. § 1985 claim against the City of San Mateo, and all claims against Doe defendants. The Court **GRANTS** leave to amend all remaining claims.

## II.  BACKGROUND

This action arises from events that transpired when San Mateo Police Department Officers Abi-Chahine and Jarvis pulled over Mr. Galindo's vehicle, in which Ms. Hernandez was a passenger, due to a non-operational rear break light. Docket No. 1 (Compl.) at ¶ 15. Plaintiffs allege that in the course of this twenty-minute traffic stop, Officer Abi-Chahine sexually groped and made false accusations against Ms. Hernandez, and Officer Jarvis handcuffed Mr. Galindo and searched his vehicle without consent and without probable cause. *Id.* As a result, Plaintiffs sued

Officer Abi-Chahine, Officer Jarvis, the City of San Mateo, and Does 1 to 100 for compensatory damages, exemplary and punitive damages, related fees and costs, and declaratory and injunctive relief. *Id.* at 15. Plaintiffs' complaint contains eleven causes of action: (1) civil rights violations against Officer Abi-Chahine and Officer Jarvis; (2) civil rights violations against the City of San Mateo; (3) violations of California Civil Code section 52.1(b), the Bane Act; (4) assault and battery; (5) false arrest; (6) false imprisonment; (7) negligence; (8) intentional infliction of emotional distress; (9) invasion of privacy; (10) conspiracy; and (11) sexual battery. *Id.* at 1. Defendants move to dismiss the majority of these causes of action for failure to state a claim. Docket No. 11 (Mot. to Dismiss).

### III.  DISCUSSION

A.  Legal Standard

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such a short and plain statement is to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than just labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 547. In considering a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008). Thus, to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). If a court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, it should freely give leave to amend "when justice so requires" and may do so "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

B. **First Cause of Action – Civil Rights Claims Against Officers Abi-Chahine and Jarvis**

    1. <u>42 U.S.C. § 1981</u>

Defendants move to dismiss the § 1981 claim against the defendant officers. Docket No. 11 (Mot. to Dismiss) at 5. Plaintiffs do not oppose this motion. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 5.

Section 1981 protects the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). In order to state a § 1981 claim, plaintiffs must allege that they suffered discrimination on the basis of race. *Park School of Business, Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995); *see also White v. Washington Public Power Supply System*, 692 F.2d 1286, 1290 (N.D. Cal. 1982) (stating that "[i]t is well settled that section 1981 only redresses discrimination based on [a] plaintiff's race."). Plaintiffs' complaint only contains a conclusory allegation that Officer Abi-Chahine and Officer Jarvis discriminated against Plaintiffs based upon their Hispanic heritage. Docket No. 1 (Compl.) at ¶ 21. Plaintiffs provide no specific allegations to support this claim that are sufficient under *Iqbal*, 556 U.S. at 678. *See Hill v. Alameda Cty. Probation Dep't*, No. 3:14-cv-04856-CRB, 2015 WL 1408825 *6 (N.D. Cal. 2015) (conclusory allegation that the plaintiff was "treated adversely . . . based on her race" was insufficient to state a claim and thus dismissed); *Nnachi v. City and Cty. of San Francisco*, No. 4:13-cv-05582-KAW, 2014 WL 4088149 *4 (N.D. Cal. 2014) (plaintiff's conclusory allegation that the defendant did not pay the plaintiff overtime due to his race did not adequately state a § 1981 claim and was therefore dismissed); *Brown v. Contra Costa Cty.*, No. C 12-1923 PJH, 2014 WL 1347680 *5 (granting the defendant's motion to dismiss a § 1981 claim for failing to plead facts showing intentional discrimination based on race). *See generally Stringer v. Woolsey*, 495 Fed. Appx. 838, 839-40 (9th Cir. 2012) (upholding lower court's decision to dismiss a § 1981 claim for failing to show that the plaintiff suffered discrimination on the basis of race or ethnicity). Therefore, the Court grants with leave to amend Defendants' motion to dismiss the § 1981 claim against Officers Abi-Chahine and Jarvis.

3

2.     42 U.S.C. § 1983

Defendants move to dismiss the § 1983 claim against the defendant officers to the extent that it asserts a violation of Plaintiffs' due process rights under the Fourteenth Amendment. Docket No. 11 (Mot. to Dismiss) at 7-8.

In order to state a claim under § 1983, a complaint must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiffs allege that Officers Abi-Chahine and Jarvis were acting within the scope of their employment as police officers for the City of San Mateo when they violated Ms. Hernandez's and Mr. Galindo's constitutional rights, Docket No. 1 (Compl.) at ¶ 5; and the "detention of Plaintiffs, the handcuffing of Galindo, the sexual groping of Hernandez, and the unreasonable and inappropriate force used on Hernandez" violated Plaintiffs' rights under both the Fourth and Fourteenth Amendments, *id.* at ¶ 21.

The Court finds, and Defendants do not dispute, that Plaintiffs have sufficiently pleaded a Fourth Amendment violation. Plaintiffs asserted that "[d]uring the course of the twenty minute illegal seizure of Plaintiffs and the illegal searches of person and property," Ms. Hernandez was sexually groped by Officer Abi-Chahine, Mr. Galindo was handcuffed, and Mr. Galindo's car was searched without obtaining his permission and without probable cause or reasonable suspicion. Docket No. 1 (Compl.) at ¶ 15.

Plaintiffs may not, however, plead a Fourteenth Amendment violation for this same conduct. When "a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 226, 273 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (internal quotation marks omitted). The Fourth Amendment provides an explicit source of constitutional protection against "physically intrusive governmental conduct" during a search or seizure. *Graham*, 490 U.S. at 395. Therefore all claims that law enforcement officers used

4

excessive force in the course of an arrest, investigatory stop, or seizure must be analyzed exclusively under the Fourth Amendment and its reasonableness standard, rather than under a substantive due process approach. *Id.*; *see also Tarabochia v. Adkins*, 766 F.3d 1115, 1129 (9th Cir.) (holding that all excessive force claims "must be analyzed exclusively under the Fourth Amendment"). Even claims such as sexual assault in violation of the right to bodily integrity that "do[] not involve excessive force in the traditional sense" and to which the Fourteenth Amendment is typically applied must instead be analyzed under the Fourth Amendment if the sexual assault occurred at the hands of a police officer in the course of a seizure. *Fontana v. Haskins*, 262 F.3d 871, 878-79 (9th Cir. 2014) (holding that although the plaintiff's claim for being sexually assaulted by a police officer while handcuffed in a patrol vehicle was "a possible fit under the Fourth Amendment, it [was] better seen as a Fourth Amendment claim because [Plaintiff] had been seized by the police.").

Therefore, the Court grants Defendants' motion to dismiss with leave to amend the § 1983 claim against Officers Abi-Chahine and Jarvis to the extent that it alleges Fourteenth Amendment violations.

3.  42 U.S.C. § 1985

Defendants move to dismiss the § 1985 claim against the defendant officers. Docket No. 11 (Mot. to Dismiss) at 6.

To state a cause of action under § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

*Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citation omitted).

In order to satisfy the first element of a § 1985 conspiracy claim "the parties to have conspired must have reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful arrangement." *Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (9th Cir. 1999) (citation and internal quotation marks omitted). This requires that "each participant . . . at least share the common objective of the conspiracy." *Id.* (quoting *United*

5

*Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1514 (9th Cir. 1989) (en banc)) (internal quotations omitted). A defendant's knowledge of and participation in the conspiracy "may be inferred from circumstantial evidence and from evidence of the defendant's actions." *Id.* Failure to allege the existence of a conspiracy may be grounds for dismissal. *See e.g. Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (affirming a motion to dismiss § 1983 and § 1985 claims where the plaintiff failed to discuss any agreement between the defendants).

To satisfy the second element of a § 1985 conspiracy claim, a plaintiff must both identify a legally protected right and demonstrate that "deprivation of that right [was] motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). Failure to allege "a racially or class-based, invidiously discriminatory animus behind the actions" at issue may serve as the basis for dismissal. *See e.g. Gillespie*, 629 F.2d at 641; *Gozzi v. Cty. of Monterey*, No 5:14-cv-03297-LHK, 2014 WL 6988632 *11 (granting motion to dismiss a § 1985(3) claim because Plaintiff failed to allege class-based discrimination).

As noted above, Plaintiffs failed to provide sufficiently specific allegations to support their claim that the defendant officers discriminated against Mr. Galindo and Ms. Hernandez due to their race. Plaintiffs also failed to allege that Officer Jarvis and Officer Abi-Chahine conspired with one another. Instead, Plaintiffs ask this Court to infer the existence of a conspiracy by default – arguing that because Officer Jarvis did not take action when Officer Abi-Chahine groped Ms. Hernandez, the only "plausible and reasonable inference" is that they conspired, and that it is "certainly not implausible or unreasonable" to allege that the officers conspired to racially profile Plaintiffs. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 5, 6. But without any further allegation indicative of an agreement, Officer Jarvis' mere inaction is insufficient to establish a plausible claim of conspiracy under *Twombly*.

The Court grants Defendants' motion to dismiss the § 1985 claim with leave to amend against Officers Abi-Chahine and Jarvis.

4. 42 U.S.C. § 1988

Defendants move to dismiss the § 1988 claim against the defendant officers. Docket No. 11 (Mot. to Dismiss) at 7.

Section 1988 does not create an independent cause of action. Rather § 1988 authorizes federal courts to look to principles of common law "where federal law is unsuited or insufficient 'to furnish suitable remedies' . . . so long as such principles are not inconsistent with the Constitution and laws of the United States." *Moor v. Alameda Cty.*, 411 U.S. 693, 702-03 (1973); *see also Drake v. Obama*, 664 F.3d 774, 785 n.5 (9th Cir. 2011). Since § 1988 does not create an independent cause of action, this claim is dismissed with prejudice.

C. Second Cause of Action – Civil Rights Claims Against the City of San Mateo.

1. 42 U.S.C. § 1981

Defendants move to dismiss the § 1981 claim against the City of San Mateo. Docket No. 11 (Mot. to Dismiss) at 9. Assuming a claim can be stated under § 1981 for false arrest and excessive force based on race, *see Jiles v. City of Pittsburg*, No. C 12-3795 MEJ, 2012 WL 6096580 *3 (N.D. Cal. Dec. 7, 2012), where such a claim is brought against a municipality, liability cannot be based on the theory of respondeat superior. *Fed'n of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996). Rather, in order to state a § 1981 claim against a municipality, plaintiffs must allege that they suffered racial discrimination as a result of a city policy, custom, or failure to train. *Fed'n of African American Contractors* at 1215 (applying the § 1983 *Monell* analysis, discussed below, to a § 1981 claim against a municipality). As discussed above, Plaintiffs failed to allege sufficient facts to support the allegation that they were discriminated against based on their Hispanic heritage. Plaintiffs also have not alleged that they were discriminated against pursuant to a City of San Mateo policy or custom, or the City's failure to train. Therefore, the Court grants with leave to amend Defendants' request to dismiss the § 1981 claim against the City of San Mateo.

2. 42 U.S.C. § 1983

Defendants move to dismiss the § 1983 claim, or the *Monell* claim, against the City of San Mateo. Docket No. 11 (Mot. to Dismiss) at 9-12.

7

Section 1983 imposes liability on any person who, under color of law, deprives another of their constitutional rights. 42 U.S.C. § 1983. Municipalities may be considered "persons" under § 1983, but only if the plaintiff alleges that the municipality itself, through its policies, customs, or practices, caused the constitutional deprivation. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Therefore, in order to establish a § 1983 claim against a municipality, the plaintiff must demonstrate "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

In order survive a motion to dismiss a *Monell* claim, the Ninth Circuit requires that plaintiffs adhere to two principles:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Thus, *Monell* allegations must be pleaded with specificity as required under *Twombly* and *Iqbal*. *See also AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Starr*'s pleading standard to a motion to dismiss a *Monell* claim). Thus, the Ninth Circuit's prior pleading standard requiring "no more than a bare allegation that government officials' conduct conformed to some unidentified government policy or custom" is no longer sufficient to plead a *Monell* claim. *AE ex rel. Hernandez*, 666 F.3d at 637.

Plaintiffs initially alleged five policies and practices as the basis for their *Monell* claim, but all five failed to satisfy the pleading requirements of *Starr*. Pursuant to this Court's order following the hearing on October 18, 2016, parties met and conferred on the *Monell* issues and agreed that the following language is sufficient to state a *Monell* claim:

8

    a.    Failure to maintain or effectively administer an appropriate training regimen or required protocol on citizen searches by officers of the opposite sex including, but not limited to, requiring officers to read their department Policy Manual, requiring officers to certify their reading of the manual in writing, and/or mandating protocol to be followed by a field police officer where it is not practical to summon an officer of the same sex as the citizen; and/or

    b.    Implementing, promoting, tolerating and/or instituting a policy or practice of (pretextually or otherwise) routinely conducting pat-down searches of citizens for traffic stops involving nothing more than minor traffic violations which lack probable cause and/or reasonable suspicion.

Docket No. 32.

The Court finds that this revised language satisfies the pleading requirements of *Starr* and thus denies Defendants' motion to dismiss the *Monell* claim. Plaintiffs' first allegation identifies with specificity the defective training regimen and protocol governing searches by the opposite sex at issue. This allegation plausibly alleges that such a deficient policy was a moving force behind Officer Abi-Chahine's alleged violation of Ms. Hernandez's Fourth Amendment rights to bodily integrity and to be free from unreasonable searches and seizures.

Plaintiffs' second allegation also satisfies *Starr* as it gives Defendants fair notice by specifying that the policy or practice giving rise to municipal liability is that which concerns pat-down searches during stops for minor traffic violations where there is no probable cause or reasonable suspicion. Again, the *Monell* allegation is specific. Taken as true, this allegation plausibly claims that a policy or practice of searches absent probable or reasonable cause was a moving force behind Officer Abi-Chahine's alleged violation of Ms. Hernandez's Fourth Amendment rights to bodily integrity and to be free from unreasonable searches and seizures.

Therefore, because Plaintiffs' revised language satisfies the pleading requirements of *Starr*, the Court denies Defendants' motion to dismiss the § 1983 claim against the City of San Mateo.

3.    <u>42 U.S.C. § 1985</u>

Defendants move to dismiss the § 1985 claim against the City of San Mateo. Docket No. 11 (Mot. to Dismiss) at 9.

A government entity is not a "person" within the meaning of § 1985. *See Moor v.*

9

1  *Alameda Cty.*, 411 U.S. 693, 699-700 (1973); *Diamond v. Pitchess*, 411 F.2d 565, 567 (9th Cir.
2  1969). Since Plaintiffs brought the § 1985 claim against the City of San Mateo, a government
3  entity, this claim is dismissed with prejudice.

4      4.    42 U.S.C. § 1988

5  Defendants move to dismiss the § 1988 claim against the City of San Mateo. Docket No.
6  11 (Mot. to Dismiss) at 9.

7  As discussed above, § 1988 is not an independently actionable claim. Therefore the §
8  1988 claim against the City of San Mateo is dismissed with prejudice.

9  D.    Third Cause of Action – California Civil Code Section 52.1(b), the Bane Act Claim

10 Plaintiffs have brought a cause of action against Officer Abi-Chahine, Officer Jarvis, and
11 the City of San Mateo under California Civil Code section 52.1(b), which codifies the Bane Act.
12 Defendants move to dismiss this claim as to the City of San Mateo. Docket No. 11 (Mot. to
13 Dismiss) at 12-15.

14 The Bane Act authorizes a plaintiff to bring an action "against anyone who interferes, or
15 tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of
16 rights secured by federal or state law." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 331 (1998). In
17 order to state a Bane Act claim, plaintiffs "must show (1) intentional interference or attempted
18 interference with a state or federal constitutional or legal right, and (2) the interference or
19 attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234
20 Cal. App. 4th 41, 67 (2015). In a search-and-seizure case, plaintiffs must allege separate acts of
21 threat, intimidation, or coercion *in addition* to the constitutional violation in order to recover under
22 the Bane Act. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1196 (9th Cir. 2015). In the case of an
23 arrest, the threat, intimidation or coercion must be some more than that necessary to effect an
24 arrest. *Id.*; *see also Allen*, 234 Cal. App. 4th at 69 ("a wrongful arrest or detention, without more,
25 does not satisfy both elements of section 52.1."); *Shoyoye v. Cty. of Los Angeles*, 203 Cal. App.
26 4th 947, 959 (2012) (The Bane Act "requires a showing of coercion independent from the coercion
27 inherent in the wrongful detention itself."). Public entities may be held vicariously liable for a
28 violation of the Bane Act. *D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 787 (N.D. Cal. 2014)

(holding the City of Sunnyvale vicariously liable for police officers' violations of the Bane Act); *see also Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168-69 (N.D. Cal. 2009) (finding the City of Oakland liable under respondeat superior for police officers' conduct under the Bane Act).

Plaintiffs have asserted a Bane Act claim against the defendant officers; they allege acts of threat, intimidation, and coercion separate from Plaintiffs' constitutional violations. Officer Abi-Chahine's ordering of Ms. Hernandez to go to the patrol vehicle and accusations that she was under the influence of drugs and had been previously arrested plausibly satisfy the requirement of separate acts of intimidation and coercion apart from the alleged Fourth Amendment violation of Ms. Hernandez's bodily integrity. The acts were not necessary to or inherent in the effectuation of the stop. Also Officer Jarvis' handcuffing of Mr. Galindo may have been an act of coercion separate from the alleged Fourth Amendment violation of searching Mr. Galindo's car without consent or probable cause. It too may not have been necessary to effectuate the search of his car or the stop. *See generally Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (Bane Act applied where plaintiffs alleged a Fourth Amendment violation accompanied by an act of coercion that was in no way inherent in the constitutional violation).

Because Plaintiffs properly stated a Bane Act claim against the defendant officers, the Court finds that the City of San Mateo may be held vicariously liable for that conduct. Therefore, the Court denies Defendants' motion to dismiss the Bane Act claim against the City of San Mateo.

E.  Fourth Cause of Action – Assault and Battery

Plaintiffs sued Officer Abi-Chahine, Officer Jarvis, and the City of San Mateo for assault and battery. Docket No. 1 (Compl.) at ¶¶ 34-37. Defendants move to dismiss this claim as to Officer Jarvis. Docket No. 11 (Mot. to Dismiss) at 16.

Police officers may use reasonable force to effectuate an arrest if they have reasonable cause to believe that the person to be arrested has committed a public offense. Cal. Penal Code § 835a. An arresting officer's use of excessive force in the course of a lawful arrest may give rise to civil liability for torts such as assault and battery. *Yount v. City of Sacramento*, 43 Cal. 4th 885, 899 (2008).

Assault is broadly defined as the "unlawful attempt, coupled with a present ability, to

11

commit a violent injury on the person of another." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (as amended). To prevail on a claim of civil assault against a police officer under California law, a plaintiff must establish that "(1) the officers threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to him that they were about to carry out the threat; (3) he did not consent to the conduct; (4) he was harmed; and (5) the officers' conduct was a substantial factor in causing the harm." *Id.* Because police officers are permitted to use reasonable force to effectuate an arrest, liability for civil assault may only arise if the assault resulted from a police officer's use of unreasonable force. Cal. Penal Code § 835a; *see e.g. Tekle*, 511 F.3d at 855 (police officers who pointed guns at Plaintiff while he was sitting in his garage and placed a gun to Plaintiff's head before handcuffed him could be held liable for civil assault).

Battery is defined as "any willful and unlawful use of force or violence upon the person of another." *Tekle*, 511 F.3d at 855. To prevail on a battery claim, a plaintiff must establish that "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Id.* (citing *Cole v. Doe 1 thru 2 Officers of Emeryville Police Dep't*, 387 F. Supp. 2d 1084, 1101 (N.D. Cal. 2005)). When the battery claim is against a police officer, as here, the plaintiff must also establish that the officer used unreasonable force. *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1273 (1998).

Plaintiffs' complaint alleges that Officer Jarvis ordered Mr. Galindo out of his vehicle, placed him in handcuffs, ordered him to sit on the sidewalk, and searched his car. Docket No. 1 (Compl.) at ¶ 15. The Court finds that these allegations fail to state a plausible claim of assault and battery. At the most basic level, it is unclear to this Court what of Officer Jarvis' conduct constitutes the alleged assault or battery. In regards to assault, the complaint does not mention or suggest that Officer Jarvis threatened to touch either Mr. Galindo or Ms. Hernandez, that either plaintiff did or did not consent to such conduct, that either plaintiff was harmed by such conduct, or that the conduct involved an unreasonable use of force. If the battery claim relates to Officer Jarvis' handcuffing of Mr. Galindo, there is no indication from the complaint that this contact was harmful or offensive, was done without consent, caused injury, or was carried out using

12

unreasonable force. Moreover, handcuffing alone, without any allegation of a resulting injury, is insufficient to state a claim for battery. *Compare Wall v. Cty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) ("It is well-established that overly tight handcuffing can constitute excessive force."); *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (placing handcuffs so tightly around Plaintiff's wrists such that they cause pain and left bruises for several weeks was excessive force); *Hansen v. Black*, 855 F.2d 642, 645 (9th Cir. 1989) (unreasonably injuring Plaintiff's wrist and arm while handcuffing her constitutes excessive force); *see also Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2002) ("Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal."). Therefore, the Court grants Defendants' motion to dismiss with leave to amend the assault and battery claims against Officer Jarvis.

F.  Fifth and Sixth Causes of Action – False Arrest and False Imprisonment

Plaintiffs sued Officer Abi-Chahine, Officer Jarvis, and the City of San Mateo for both false arrest and false imprisonment. Docket No. 1 (Compl.) at ¶¶ 39-48. Defendants move to dismiss the false arrest claim and the false imprisonment claim on the grounds that these are not separate torts and must therefore be pleaded as a single cause of action. Docket No.11 (Mot. to Dismiss) at 15-16.

Defendants are correct that "[f]alse arrest and false imprisonment are not separate torts." *Moore v. City & Cty. of San Francisco*, 5 Cal. App. 3d 728, 735 (1970). False arrest and false imprisonment "are said to be distinguishable only in terminology. . . [as the] difference between them lies in the manner in which they arise." *Id.*

Therefore this Court grants the motion to dismiss the false arrest and false imprisonment causes of action as to all defendants, with leave to amend to be pleaded as a single cause of action.

G.  Seventh Cause of Action – Negligence

Plaintiffs sued Officer Abi-Chahine, Officer Jarvis, and the City of San Mateo for common law negligence. Docket No. 1 (Compl.) at ¶¶ 49-53. Defendants move to dismiss the negligence claim against the City of San Mateo for failing to identify the statutory basis for the City's liability of common law negligence. Docket No. 11 (Mot. to Dismiss) at 16-17.

Tort liability for municipalities in California is governed by the California Tort Claims

1  Act, Cal. Gov't Code § 810 *et seq.* *Forbes v. Cty. of San Bernardino*, 101 Cal. App. 4th 48, 53
2  (2002). The Tort Claims Act provides that public entities cannot be held liable for the injuries
3  inflicted by their employees unless such liability is provided for by statute. Cal. Gov't Code §
4  815; *Forbes*, 101 Cal. App. 4th at 53. Therefore, in order to state a claim for negligence against a
5  city, a plaintiff must plead the statutory basis establishing that the city may be held liable for such
6  a claim. *See Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, 644 F. Supp. 2d
7  1177, 1207-08 (N.D. Cal. 2009) (Dismissing negligence, false arrest and imprisonment, and IIED
8  claims against a county for failing to plead a statutory basis for the county's liability).

As Plaintiffs concede, the complaint fails to identify the statutory basis that gives rise to the City of San Mateo's liability for negligence. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 21. Thus, the Court grants with leave to amend Defendants' motion to dismiss the negligence claim against the City of San Mateo.

### H. Eighth Cause of Action – Intentional Infliction of Emotional Distress

Plaintiffs sued Officer Abi-Chahine, Officer Jarvis, and the City of San Mateo for intentional infliction of emotional distress (IIED). Docket No. 1 (Compl.) at ¶¶ 54-56. Defendants move to dismiss the IIED claims against all defendants. Docket No. 19 (Mot. to Dismiss) at 21-22.

#### 1. Officer Abi-Chahine and Officer Jarvis

In order to establish a claim for intentional infliction of emotional distress under California law, a plaintiff must show:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Jaramillo v. City of San Mateo*, 76 F. Supp. 3d 905, 925-26 (N.D. Cal. 2014) (citing *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991)). For conduct to be considered outrageous, it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez v. J.C. Penney Co.*, 24 Cal 3d 579, 593 (1979) (overturned due to legislative action).

Plaintiffs failed to allege sufficient facts to state a plausible IIED cause of action as to

Officer Jarvis. In their complaint, Plaintiffs merely recite the elements of an IIED claim, stating "[t]he conduct of Defendants Abi-Chahine, Jarvis, and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiffs." Docket No. 1 (Compl.) at ¶ 55. This allegation embodies the type of formulaic recitation of a cause of action's elements that *Twombly* and *Iqbal* deem insufficient. Plaintiffs have stated no facts to establish outrageous conduct except for those facts related to Officer Abi-Chahine's sexual battery charge. And while Plaintiffs state that "[a]s a legal cause of each Defendant's acts and/or omissions . . . Plaintiffs suffered and sustained . . . [s]evere emotional distress, humiliation, indignity, embarrassment, anger, frustration, annoyance, anxiety, and sleeplessness; . . . [and] [l]oss of enjoyment of life," these allegations are for the most part little more than conclusory. Docket No. 1 (Compl.) at ¶ 18. *See e.g. Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 712 (N.D. Cal. 2014) (granting Defendants' motion to dismiss because Plaintiff's IIED claim only alleged that Defendants "caused her mental anguish, anxiety, and distress" and she "felt extremely emotionally distressed and pained, fearing for her job and livelihood."). Given the allegations made against Officer Abi-Chahine, it plausible that even without a more specific statement of injuries, Ms. Hernandez suffered significant emotional distress as a result of being groped. The same cannot be said for Mr. Galindo.

Because the complaint fails to allege facts as to Officer Jarvis' intent to inflict emotional distress and the injuries suffered, the Court grants Defendants' motion to dismiss with leave to amend the IIED claims against Officer Jarvis.

2. <u>City of San Mateo</u>

As discussed above, in order to state a claim for a tort, such as IIED, against the City of San Mateo, California's Tort Claims Act requires plaintiffs to plead the statutory basis for municipal liability. Plaintiffs conceded that they have not done so. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 21. Therefore, the Court grants Defendants' motion to dismiss with leave to amend the IIED claim against the City of San Mateo.

I. <u>Ninth Cause of Action – Invasion of Privacy</u>

Defendants move to dismiss the invasion of privacy claim against the City of San Mateo

for failing to identify the statutory basis for the City's liability as required by California's Tort Claims Act. Docket No. 11 (Mot. to Dismiss) at 16-17. As discussed above, in order to state a claim for a tort, such as invasion of privacy, against the City of San Mateo, a plaintiff must plead the statutory basis for municipal liability. Plaintiffs concede that they have not done so. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 21. Therefore, Defendants' motion to dismiss the invasion of privacy claim against the City of San Mateo is granted.

J.     <u>Tenth Cause of Action – Conspiracy</u>

Defendants move to dismiss the California state law conspiracy claim against Officer Abi-Chahine and Officer Jarvis.

In order to state a claim for civil conspiracy under California law, a plaintiff must plead sufficient facts to support an allegation of the "(1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from an act done in furtherance of the common design." *Thompson v. Cal. Fair Plan Assn.*, 221 Cal. App. 3d 767, 767 (1990).

As discussed above, Plaintiffs failed to provide sufficient facts to support their allegation that a conspiracy existed. It is unclear from the facts stated in the complaint what the defendants conspired to do, particularly in light of the fact that Plaintiffs do not allege that Officer Jarvis conspired or agreed to Officer Abi-Chahine's groping of Ms. Hernandez before it occurred. Docket No. 1 (Compl.) at ¶ 62. Furthermore, Plaintiffs' allegation that the defendants "gave consent, aid, and assistance" to each other and "ratified and/or authorized the acts or omissions" of one another are conclusory and not supported by any specific circumstantial evidence. *Id.* at ¶ 9; *see also Twombly*, 550 U.S. at 547; *Gilbrook*, 177 F.3d at 856 (holding that a conspiracy may be inferred from circumstantial evidence).

Therefore, the Court grants Defendants' motion to dismiss with leave to amend the California state law conspiracy claim against Officers Abi-Chahine and Jarvis.

K.     <u>Eleventh Cause of Action – Sexual Battery</u>

Plaintiffs request leave to amend to add the City of San Mateo in the identifying caption of their sexual battery cause of action. Docket No. 19 (Pls.' Opp'n to Mot. to Dismiss) at 2 n1. Defendants did not oppose to this amendment.

16

Under Rule 15(a)(2), a party may amend its pleading with the court's leave or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Leave to amend shall be given feely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Plaintiffs only request leave in their opposition to Defendants' motion to dismiss, lack of a formal motion does not preclude this Court from granting leave to amend. *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990). Therefore, Plaintiffs request for leave to amend to add the City of San Mateo in the identifying caption of their sexual battery claim is granted.

L.   Doe Defendants

This Court has the authority to dismiss claims against Doe defendants *sua sponte*. *See Buckheit v. Dennis*, 713 F. Supp. 2d 910, 918 n.4 (N.D. Cal. 2015) (dismissing claims against Doe defendants despite defendants not challenging the naming of Does in the complaint). As "a general rule, the use of 'John Doe' to identify a defendant is not favored" in federal court. *Gillespie*, 629 F.2d at 642. This is because, unlike in the California Rules of Civil Procedure, there is no provision in the Federal rules permitting the use of fictitious defendants. *Id.*; *see* Cal. Code Civ. Proc. § 474.

Plaintiffs pleaded no facts to suggest the existence of unnamed "Doe" defendants. Plaintiffs only allege that "one or more DOE defendants was, at all material times, responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and DOE defendants." Docket No. 1 (Compl.) at ¶ 8. Besides this conclusory allegation, Doe defendants only appear in headings or trailing the names of other defendants. Therefore, the Court dismisses all claims against Doe defendants with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, this Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.

| Cause of Action | Defendants | Type of Claim | Relief Sought by Defendant | Order |
|---|---|---|---|---|
| 1 | Officer Abi-Chahine & Officer Jarvis | 42 U.S.C. § 1981 | Dismiss | Granted with leave to amend |

17

| Cause of Action | Defendants | Type of Claim | Relief Sought by Defendant | Order |
|---|---|---|---|---|
| | | 42 U.S.C. § 1983 | Dismiss | Granted with leave to amend |
| | | 42 U.S.C. § 1985 | Dismiss | Granted with leave to amend |
| | | 42 U.S.C. § 1988 | Dismiss | Granted and dismissed with prejudice |
| 2 | City of San Mateo | 42 U.S.C. § 1981 | Dismiss | Granted with leave to amend |
| | | 42 U.S.C. § 1983 | Dismiss | Denied |
| | | 42 U.S.C. § 1985 | Dismiss | Granted and dismissed with prejudice |
| | | 42 U.S.C. § 1988 | Dismiss | Granted and dismissed with prejudice |
| 3 | Officer Abi-Chahine | Cal. Civ. Code § 52.1(b) | None | N/A |
| | Officer Jarvis | | None | N/A |
| | City of San Mateo | | Dismiss | Denied |
| 4 | Officer Abi-Chahine | Assault and Battery | None | N/A |
| | Officer Jarvis | | Dismiss | Granted with leave to amend |
| | City of San Mateo | | None | N/A |
| 5 & 6 | Officer Abi-Chahine | 5: False Arrest 6: False Imprisonment | Dismiss | Granted with leave to amend |
| | Officer Jarvis | | | |
| | City of San Mateo | | | |
| 7 | Officer Abi-Chahine | Negligence | None | N/A |
| | Officer Jarvis | | None | N/A |
| | City of San Mateo | | Dismiss | Granted with leave to amend |
| 8 | Officer Abi-Chahine | Intentional Infliction of Emotional Distress | Dismiss | Denied |
| | Officer Jarvis | | Dismiss | Granted with leave to amend |
| | City of San Mateo | | Dismiss | Granted with leave to amend |
| 9 | Officer Abi-Chahine | Invasion of Privacy | None | N/A |
| | Officer Jarvis | | None | N/A |
| | City of San Mateo | | Dismiss | Granted with leave to amend |
| 10 | Officer Abi-Chahine & Officer Jarvis | Conspiracy | Dismiss | Granted with leave to amend |
| 11 | Officer Abi-Chahine | Sexual Battery | | Grant Plaintiffs leave to amend to add the City of San Mateo in the identifying caption |

| Cause of Action | Defendants | Type of Claim | Relief Sought by Defendant | Order |
|---|---|---|---|---|
| 1-11 | Doe Defendants | All claims | | Dismissed all claims against Doe defendants with prejudice |

Plaintiffs shall file their amended complaint within 30 days from the date of this order.

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: December 7, 2016

_____
EDWARD M. CHEN
United States District Judge

19