UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALINDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN MATEO, et al., <br><br> Defendants. | Case No.  16-cv-03651-EMC <br><br> **ORDER RE JOINT LETTERS OF DECEMBER 27, 2016** <br><br> Docket No. 41, 42 |

Currently pending before the Court are two joint letters from the parties, dated December 27, 2016.  Having considered those letters, the Court hereby rules as follows.

1. *Docket No. 41*.  The records in question shall be produced under a protective order. The parties shall meet and confer on the terms of a stipulated protective order.  The meet and confer shall be in person or by telephone; a written meet and confer is not adequate.  The parties shall file a joint proposed stipulated protective order within one week of the date of this order. Once the Court has approved of the proposed stipulated protective order, then Defendants may designate documents confidential pursuant to the protective order.  If there is a dispute about the designation of a document, then the parties shall meet and confer and, if necessary, ask for a Court ruling on the propriety of the designation.  *See, e.g.*, Model Prot. Order for Standard Litigation ¶ 6.3 (discussing judicial intervention), *available at* http://cand.uscourts.gov/model-protective-orders (last visited January 3, 2017).  However, such dispute shall not delay production of documents provisionally under a protective order.

2. *Docket No. 42*.  The Court adheres to its views as articulated in *Fitzgerald v. Cassil*, 216 F.R.D. 632 (N.D. Cal. 2003), which follows the narrow approach to waiver of the psychotherapist-patient privilege.  Under the narrow approach to waiver, Ms. Hernandez has not

waived the psychotherapist-patient privilege. *See id.* at 639 (finding no waiver where plaintiffs "stipulated that they will not affirmatively rely on any treating psychotherapist or other expert to prove the emotional distress damages suffered," where plaintiffs did not plead a cause of action for intentional or negligent infliction of emotional distress, and where plaintiffs did "not allege[] a specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations").

This order disposes of Docket Nos. 41 and 42.

**IT IS SO ORDERED**.

Dated: January 3, 2017

_____
EDWARD M. CHEN
United States District Judge

2